**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **YOLANDA SALDIVAR #733126** | § | |
| | § | |
| **V.** | § | **W-16-CA-095-RP** |
| | § | |
| **WILLIAM STEPHENS, MELOYDE** | § | |
| **NELSON, WHITNEY FRANKS, and** | § | |
| **UTMB CONTRACTOR** | § | |

## ORDER

Before the Court is Plaintiff's complaint in which she asserts she was assigned to the top bunk in her cell. According to Plaintiff, she reported to prison officials that she felt she would have difficulty climbing up and down. On May 26, 2015, Plaintiff claims she fell, hitting her right side of her head, hip, and ankle. Plaintiff alleges she complained of headaches, imbalance, and nausea but was denied medial treatment because no providers were available. According to Plaintiff, she was seen by a physician 10 days after her injury. Plaintiff asserts she was diagnosed with a concussion after a CT scan was performed and she was given intravenous medications.

Plaintiff sues Director William Stephens, Warden Meloyde Nelson, Assistant Warden Whitney Franks, and the UTMB Contractor. She seeks $250,000 for compensatory damages and $250,000 for punitive damages. After consideration of Plaintiff's complaint, she was ordered to file a more definite statement. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.  Eleventh Amendment Immunity

UTMB is a state agency and is immune from suit under the Eleventh Amendment. *Lewis v. Univ. of Texas Medical Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011). Being sued in their official capacities for monetary damages, Defendants Stephens, Nelson, and Franks are also immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. *Pennhurst State School Hosp. v. Halderman*, 465 U.S. 89 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. *Port Auth. Trans-Hudson v. Feeney*, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an

indirect pleading remains in essence a claim upon the state treasury. *Green v. State Bar of Texas*, 27 F.3d 1083,1087 (5th Cir. 1994).

    C.    <u>Supervisory Liability</u>

To state a cause of action under § 1983, a plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897 (1983). In this case, Plaintiff does not establish William Stephens, former Director of the Texas Department of Criminal Justice - Correctional Institutions Division, was personally involved in the bunk selection for Plaintiff or the medical care she received after her fall. She also admits she did not notify Warden Nelson or Assistant Warden Franks of her fear of falling from the top bunk until after her fall. Thus, it appears Plaintiff is attempting to hold these individuals liable by virtue of their positions within the State as supervisors. However, § 1983 does not create supervisory or respondeat superior liability. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983. *Id.* at 742 n. 6 (citing *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999)). Supervisory officials may be held liable only if they (1) affirmatively participate in acts that cause the constitutional deprivation or (2) implement unconstitutional policies that causally result in plaintiff's injury. *Oliver*, 276 F.3d at 742; *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1997). Plaintiff's complaint and more definite statement do not meet this standard. Accordingly, Plaintiff claims against Defendant Stephens are dismissed for failure to state a claim. Similarly, Plaintiff's claims against Warden

Nelson and Assistant Warden Franks regarding her initial bunk selection are dismissed for failure to state a claim.

D. Eighth Amendment

Plaintiff complains her medical treatment and reassignment to a lower bunk was delayed. Construing Plaintiff's claims liberally, she may be alleging an Eighth Amendment violation.

The Eighth Amendment prohibits cruel and unusual punishment. U.S. CONST. AMEND. VIII. Prison officials must provide humane conditions of confinement, ensure that inmates receive adequate food, clothing, shelter, and medical care, and take reasonable measures to guarantee the safety of the inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Conditions that result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8–10 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Such a violation occurs when a prison official is deliberately indifferent to an inmate's health and safety. *Farmer*, 511 U.S. at 834. Deliberate indifference is more than mere negligence. *Id.* at 835. To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Id.* at 837. Disagreement with a course of medical treatment will not suffice. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Plaintiff admits she received medical treatment immediately after her fall, subsequently saw a doctor for her injuries, and received a CT scan and intravenous medications. Plaintiff further

admits she received a lower bunk restriction after her visit with the doctor and was allowed to sleep on her mattress on the floor of her cell until she received the lower bunk restriction.

At most, Plaintiff's allegations amount to a state claim of negligence, which is not cognizable under § 1983. A plaintiff may maintain a civil rights suit only if she can show an abuse of government power that rises to a constitutional level. *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986); *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980), *cert. denied*, 451 U.S. 1019 (1981). The Supreme Court has held that many acts that might constitute a violation of state tort law do not amount to constitutional violations. *Baker v. McCollan*, 443 U.S. 137, 146 (1979). *See also, Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988). It is well settled that negligence on the part of jail officials does not give rise to civil rights claims. *Daniels v. Williams*, 474 U.S. 327 (1986); *Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995); *Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988).

## CONCLUSION

Plaintiff's claims against UTMB and the defendants in their official capacities are barred by sovereign immunity. Plaintiff fails to state a claim upon which relief can be granted against the defendants in their individual capacities.

It is therefore **ORDERED** that Plaintiff's claims against UTMB and the defendants in their official capacities are dismissed without prejudice for want of jurisdiction and Plaintiff claims against the defendants in their individual capacities are dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further **ORDERED** that Plaintiff is warned that if Plaintiff files more than three actions or appeals while she is a prisoner which are dismissed as frivolous or malicious or for failure to state

a claim on which relief may be granted, then she will be prohibited from bringing any other actions in forma pauperis unless she is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk shall e-mail a copy of this order and the final judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

**SIGNED** on June 20, 2016.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE