IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| YOLANDA SALDIVAR #733126 | § | |
| | § | |
| V. | § | W-16-CA-095-RP |
| | § | |
| WILLIAM STEPHENS, MELOYDE | § | |
| NELSON, WHITNEY FRANKS, and | § | |
| UTMB CONTRACTOR | § | |

ORDER REGARDING MOTION TO PROCEED
IN FORMA PAUPERIS ON APPEAL

The Court has considered the appellant's application for leave to proceed in forma pauperis on appeal, the certified trust fund account statement or institutional equivalent, and all consents and other documents required by the agency having custody of the appellant to withdraw funds from the account.

[ X ]   The application for leave to proceed in forma pauperis on appeal pursuant to 28 U.S.C. §1915 is GRANTED.

[ X ]   Yolanda Saldivar #733126   is assessed an initial partial filing fee of  $24.16 . The agency having custody of the appellant shall collect this amount from the trust fund account or institutional equivalent, when funds are available, and forward it to the clerk of the district court.

[ X ]   Thereafter, the appellant shall pay   $480.84  , the balance of the filing fees, in periodic installments. The appellant is required to make payments of 20% of the preceding month's income credited to the appellant's prison account until appellant has paid the total filing fees of $505.00. The agency having custody of the appellant shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. §1915(b)(2), and forward it to the district court clerk.

The clerk shall mail a copy of this order to the inmate accounting office or other person(s) or entity with responsibility for collecting and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which the appellant is currently or subsequently confined.

[ ] The application for leave to proceed in forma pauperis on appeal pursuant to 28 U.S.C. §1915 is DENIED for the following reason(s):

[ ]  The applicant is not a pauper.

[ ]  The applicant has not complied with the requirements of 28 U.S.C. §1915(a)(1) or (a)(2) or has failed to supply the consent and authorization forms required by the institution having custody of the applicant, allowing collection of fees from the inmate trust fund account or institutional equivalent.

[ ]  The applicant is barred from proceeding in forma pauperis on appeal because of the "three strikes" rule of 28 U.S.C. §1915(g).

[ ]  Pursuant to 28 U.S.C. §1915(a)(3) and FED. R. APP. P. 24(a)(3), the court certifies that the appeal is not taken in good faith.

IF PERMISSION TO APPEAL IN FORMA PAUPERIS IS DENIED BECAUSE THE COURT CERTIFIES THE APPEAL IS NOT TAKEN IN GOOD FAITH, COMPLETE THE SECTION BELOW.

[ ]  Although this court has certified that the appeal is not taken in good faith under 28 U.S.C. §1915(a)(3) and FED. R. APP. P. 24 (a)(3), the applicant may challenge this finding pursuant to Baugh v. Taylor, 117 F.3d 197 (5th Cir. 1997), by filing a separate motion to proceed IFP on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of this order. The cost to file a motion to proceed on appeal with the Fifth Circuit is calculated below, and if the appellant moves to proceed on appeal IFP, the prison authorities will be directed to collect the fees as calculated in this order.

[ ]  (Prisoner's name)  is assessed an initial partial fee of  (Amount) . The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available, and forward it to the clerk of the district court.

[ ]  Thereafter, the prisoner shall pay  (Amount) , the balance of the filing fees, in periodic installments. The appellant is required to make payments of 20% of the preceding month's income credited to the appellant's prison account until appellant has paid the total filing fees of $505.00. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. §1915(b)(2), and forward it to the clerk of the district court.

If the appellant moves to proceed on appeal IFP, the clerk shall mail a copy of this order to the inmate accounting office or other person(s) or entity with responsibility for collecting and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined.

**SIGNED** on September 8, 2016.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

F:\TEXT\COMMON\AppealOrderIFP